10-1705-ag
Zhou v. Holder

BIA
A072 785 324

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of June, two thousand eleven.

PRESENT:
        JOHN M. WALKER, JR.,
        PIERRE N. LEVAL,
        ROSEMARY S. POOLER,
            *Circuit Judges*.

_____

FEI H. ZHOU,
        *Petitioner*,

        v.                                          10-1705-ag
                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Peter Lobel, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General;
                       Richard M. Evans, Assistant Director;
                       Allen W. Hausman, Senior Litigation
                       Counsel, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Fei Hua Zhou, a native and citizen of the People's Republic of China, seeks review of an April 2, 2010, order of the BIA denying her motion to reopen. *In re Fei Hua Zhou*, No. A072 785 324 (B.I.A. Apr. 2, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). There is no dispute that Zhou's August 2009 motion to reopen was untimely because her administrative order of removal became final in 2002. *See* 8 C.F.R. § 1003.2(c)(2). Although Zhou contends that the time and number limitations do not apply to her motion to reopen as it is "based on changed circumstances arising in the country of nationality," 8 C.F.R. § 1003.2(c)(3)(ii), her arguments are unavailing.

Zhou asserts that she presented evidence both that she had converted to Christianity and that conditions for Christians in China have recently worsened. However, as the BIA found, Zhou's alleged conversion to Christianity was a change in her personal circumstances, not a change in country conditions. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 155 (2d Cir. 2008). Indeed, the law contains provisions specifically designed to prevent the manufacturing of new asylum claims, and those provisions would be defeated by allowing aliens to change their personal circumstances in response to changes in their country and thereby reopen their removal proceedings closed years prior. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006).

Moreover, there is no indication that the BIA ignored any material evidence Zhou submitted. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (recognizing that the Court has rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner"); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record

compellingly suggests otherwise"). The record supports the BIA's determination that, although China has engaged in discrimination and abuse against Christians, Zhou failed to establish that conditions in China had changed fundamentally since her merits hearing, as required to warrant reopening. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."); *Xiao Ji Chen*, 471 F.3d at 342 (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Therefore, we find no abuse of discretion in the BIA's denial of Zhou's motion to reopen.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-4-